CLARA CHAISON ET AL. v. W. P. H. McFADDIN ET AL.

Decided June 14, 1910.

**1.—Appeal—Statement of Facts—Irrelevant Matter.**

A preliminary statement made by counsel to the jury of the facts expected to be proved on the trial has no proper place in the statement of facts prepared for appeal.

**2.—Same—Court Stenographer—Duties.**

The Act of May 25, 1907 (Gen. Laws 1907, p. 509), places largely upon the court stenographer the duty and responsibility of preparing the statement of facts in the manner provided by the Act and prescribed by the rules concerning appeals, and thus to a certain extent relieves the appellant from that responsibility; but the appellant should exercise some caution and supervision to see that the statement furnished by the stenographer is made in accordance with said law and rules.

**3.—Same—Improper Statement of Facts—Remedy of Appellant.**

It is in the power of a trial judge, when the matter is formally called to his attention, to require a court stenographer to prepare a proper statement of facts.

**4.—Same—Motion to Strike Out—Practice.**

Although a statement of facts may violate the statute and the rules in the manner of its preparation, a Court of Civil Appeals is vested with a discretion in granting or overruling a motion to strike out the same on that account. Motion to strike out considered and overruled, but appellant taxed with one-half the cost of the statement of facts although the cause was remanded.

**5.—Bankruptcy—Jurisdiction—Lands in Republic of Texas.**

A Federal Court sitting in matters of bankruptcy in the State of Louisiana in 1843 did not have jurisdiction of lands situated in Texas, then a republic; and a sale of such land by an assignee in bankruptcy under orders of said court conveyed no title.

**6.—Trespass to Try Title—Title—Prior Possession.**

When an intervener in trespass to try title shows title in himself to the land in controversy, an issue of prior possession tendered by the plaintiff and relied on for recovery, becomes immaterial.

**7.—Limitation—Enclosure—Natural Barriers.**

The fact that land is enclosed partly by natural barriers, such as bayous, rivers and marshes, will not prevent the running of the statute of limitation of five years, provided such barriers together with fences make an effective and substantial enclosure, and are sufficient to denote to an ordinary observer that they were relied on for making an enclosure.

**8.—Same—Ten Years—Registered Deed.**

Evidence considered and held sufficient to raise an issue of title by limitation under the ten years statute, the party in possession claiming under a deed duly recorded and defining the boundaries of one-fourth of a league, and the court therefore erred in instructing a verdict against such claimant.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*E. E. Easterling, J. D. Martin* and *Greer & Minor,* for appellant.— The land in controversy being partnership property of Hyde & Gleises when this firm went into bankruptcy in 1841, by equitable conversion it became personal property for the purposes of settling the partnership affairs, and the conveyance thereof, made by the bankruptcy court in 1843, through its assignee, Richard Brennam, to T. R. Hyde, passed the superior title to the land, although it was in Texas, outside of the jurisdiction of the bankruptcy court, and the action of the United States Bankruptcy Court, sitting at New Orleans, La., in so far as it related to the sale of the real property in question, was valid and bound personally all parties to it, and therefore the heirs of Paul J. Gleises are concluded, as he would be, to claim that no title passed to the land by the sale and conveyance by the bankruptcy court. Clagett v. Kilbourne, 1 Black (U. S.), 346; Murrell v. Mandelbaum, 85 Texas, 22; 17 Am. & Eng. Ency. Law (old ed.), p. 954; Baldwin v. Rickardson, 33 Texas, 16; Dunlap v. Byers, 67 N. W., 1067; Shanks v. Klein, 104 U. S., 18; W. A. Sprague Mfg. Co. v. Hoyt, 29 Fed., 421; Riddle v. Whitehill, 34 Law Ed. (135 U. S.), 282; in re Codding & Russell, 9 Fed., 849; Logan v. Greenlaw, 25 Fed., 299.

Natural objects, such as streams and mountains, may be used in part, coupled with artificial objects or barriers, to make an enclosure sufficient to support limitation, provided the relation between the natural objects and the artificial objects is such as to denote and indicate to the world that the natural objects are relied on to make the enclosure. In short, the natural objects must be so used as to indicate that they are relied on to make the enclosure. Loring v. Jackson, 43 Texas Civ. App., 306; Dunn v. Taylor, 107 S. W., 953; Dunn v. Taylor, 102 Texas, 80; Appel v. Childress, 53 Texas Civ. App., 607; Alley v. Bailey, 47 S. W., 822; Church v. Waggoner, 78 Texas, 203; Taliaferro v. Butler, 77 Texas, 582; Parker v. Newberry, 83 Texas, 431; Brown v. O'Brien, 11 Texas Civ. App., 459; Vineyard v. Brundrett, 17 Texas Civ. App., 147; Gunter & Munson v. Meade & Bomar, 78 Texas, 634; Brumagim v. Bradshaw, 39 Cal., 24; McFarlane v. Kerr,

23 N. Y. (10 Bosworth, 249); Armstrong v. Risteau, 5 Md., 256; Wofford v. McKinna, 23 Texas, 44; Hunton v. Nichols, 55 Texas, 230; Polk v. Beaumont Pasture Company, 26 Texas Civ. App., 242.

*A. T. Watts, W. P. Ellison, Greers & Nall* and *F. C. Proctor,* for appellees.—Under the laws of Louisiana in force in 1843, a commercial partnership could not, as such, be the owners of land, and if land were acquired by such partners, they became joint owners and the land was not even a partnership asset. Skillman v. Purnell, 3 La., 316; Weld v. Peters, 1 La. Ann., 432; McKee v. Griffin, 23 La. Ann., 417; Guilbeau Bros. v. Melancon, 28 La. Ann., 629.

Real estate can only be conveyed in conformity to the laws of the country where it is situated. The real estate of a bankrupt, situated in a foreign country, does not pass under the assignment. The facts that the bankrupt was a voluntary one under the bankruptcy laws of the United States of 1840, that the property was voluntarily placed in his schedule by the bankrupt, that he delivered the title papers to the assignee by whom the sale was made, and a conveyance executed with his approbation, that the purchase money was received and appropriated by the assignee with his knowledge and consent; that he acquiesced in all the proceedings and continued subsequently to recognize the sale as valid and binding, will not, if the land is situated in a foreign country, create an equitable estoppel in the purchaser that can be enforced either against the bankrupt or a naked trespasser. Barnett v. Pool, 23 Texas, 518; Oakey v. Bennett, 11 Howard, 33; Hyde v. McFaddin, 140 Fed., 442.

One can not claim by limitation, either under the five or ten years' statutes, a comparatively small tract of land about the center of an alleged pasture consisting of 22,800 acres and extending forty miles around, where the only evidence of possession consists of a fence not over ten miles in length far to the north of the tract in question, and the other alleged inclosures consisting of natural boundaries fourteen and one-half miles in length; where, first, one of same is a bayou fordable at one place within the alleged enclosure; second, the other alleged enclosure consisting of fences of others, most of which are far south of the tract in question, and there are no artificial boundaries or ties connecting any such artificial boundaries with such other fences, most of which were already in existence and fencing lands and pastures of others before the erection of the first fence; third, the party claiming by limitation only maintains part of the fence erected by him, and the other parties, owners of the other fences named, maintaining their own fences; fourth, where those within the alleged pastures have equal use and occupancy of the alleged enclosures; fifth, where within said enclosures there is a public road, a school house and a ferry crossing the bayou above mentioned; sixth, those within the alleged pasture owning and grazing over one-third of the amount of cattle owned and grazed by the party prescribing under the statute; seventh, where, within said alleged pasture, a number of families live and have their homes; and eighth, where the said alleged pasture is in the joint control of the party claiming the tract in question and the other parties residing in and owning and grazing cattle in said alleged

pasture. Polk v. Beaumont Pasture Co., 26 Texas Civ. App., 242; Hyde v. McFaddin, 140 Fed., 433.

McMEANS, Associate Justice.—This is an action of trespass to try title, filed February 21, 1901, brought by Clara Chaison and others, widow and heirs of Jeff. Chaison, deceased, against W. P. H. McFaddin, in which they sue for title to and possession of the David Cunningham survey of one-fourth league in Jefferson County, excepting a specific tract of about 208 acres previously conveyed to W. P. H. McFaddin. After the filing of the suit the said plaintiffs conveyed all of their claim, title and interest in the land in controversy to the American Oil & Refining Company, and thereafter said company, and later J. D. Martin, receiver of said company, filed an intervention, seeking not only a recovery of the land against McFaddin, but damages also in the sum of $50,000 for rents, etc. In addition to the general allegation of title, plaintiffs and interveners above named pleaded title by the five and ten years' statute of limitation. While this suit was pending, Marie Elizabeth Gleises and others, being the widow and heirs of Paul Joseph Gleises, intervened and sued the original plaintiffs and W. P. H. McFaddin for title to an undivided half of said land, the petition being in the form of an action of trespass to try title.

On January 8, 1909, V. Weiss intervened in this suit and set up title to an undivided half of the land in controversy under a certain judgment rendered December 12, 1905, in Equity No. 21, styled Lawrence Hyde and Catherine B. Hyde, Complainants, v. W. P. H. McFaddin, on the docket of the Circuit Court of the United States, for the Eastern District of Texas, at Beaumont. The plaintiffs and the intervening plaintiffs, American Oil & Refining Company, and J. D. Martin, receiver, in an amended answer to the intervention of V. Weiss admitted that he had title to an undivided half of the land in controversy under the judgment referred to.

The original plaintiffs and the Oil Company and its receiver answered the intervention of Marie Elizabeth Gleises and others by a plea of not guilty, and by plea of the statute of limitation of five years. They also filed a cross-action against Marie Elizabeth Gleises and others for the land in controversy, seeking affirmative relief.

After hearing all of the evidence the court instructed a verdict in favor of the interveners, Marie Elizabeth Gleises and others, for the land in controversy, and also in favor of McFaddin, and against the plaintiffs and intervening plaintiffs. The verdict was accordingly returned by the jury in favor of the interveners, Marie Elizabeth Gleises and others, for an undivided half interest in the land sued for, and in favor of McFaddin that the plaintiffs and intervening plaintiffs recover nothing against him, and judgment was entered in favor of V. Weiss for half of the land in controversy based upon the disclaimer of plaintiffs and intervening plaintiffs, and in favor of Marie Elizabeth Gleises and others for half of the land in controversy based upon the verdict returned by the jury in obedience to the instruction of the court, and that plaintiffs and intervening plaintiffs recover nothing from the defendant McFaddin. From this judgment the plaintiffs and interven-

ing plaintiffs have appealed. No complaint is made of the judgment in favor of Weiss for an undivided half of the land awarded to him.

At the threshold of our investigation we are confronted by a motion presented by appellees to strike from the record the statement of facts sent up with this appeal, because of the violation in its preparation of rules 72 and 75 and of section 5 of the Act of May 25, 1907.

The statement of facts consists of 361 typewritten pages. The first four pages embody a preliminary statement made by counsel to the jury of the facts expected to be proven on the trial. This in no wise has any place in the statement of facts.

It also contains copies in full of numerous deeds of conveyance, and also copies in full of contracts, wills, pleadings in other suits and proceedings in bankruptcy, about which there is made no question as to validity or form. These copies cover about 125 pages of the statement of facts, when they could have been described, or their legal effect as evidence stated, in a very few pages. There are copies in the stenographer's report of the oral evidence numerous questions and answers.

Section 5 of the Act of May 25, 1907, which controlled when this statement of facts was made up, reads, in its relevant parts, as follows:

"In case an appeal is taken from a judgment rendered in any civil cause, the stenographer shall, when requested by the party appealing, or his attorney of record, make up a duplicate statement of facts, which shall consist of the evidence introduced on the trial, both oral and by deposition, stated in narrative form, together with copies, to be made in accordance with the rules of the court, of such documents, sketches, maps and other matters as were used in evidence."

The requirements of the Act, in so far as relate to the matter now before us, are that the oral testimony shall be reduced to narrative form, and the copies be inserted under the rules of the court. The rules here referred to are undoubtedly the rules prescribed by the Supreme Court for governing the preparation of statements of fact. Rule 72 provides:

"Where the evidence adduced upon the trial of a cause is sufficient to establish a fact or facts alleged by either party, the testimony of witnesses, and the deeds, wills, records, or other written instruments, admitted as evidence, relating thereto, shall not be stated or copied in detail into a statement of facts, but the facts thus established should be stated as facts proved in the case, etc."

Rule 75 provides: "Where there is no dispute about, or question made upon, the validity or correctness in form of a deed or its record, a will or its probate, record of a court, or any written instrument adduced in evidence, it should be described (and not copied) or its legal effect as evidence stated as a fact established."

The Act of May 25, 1907, places largely upon the court stenographer the duty and responsibility of preparing the statement of facts in the manner provided by the Act and prescribed by the rules, and thus to a certain extent relieves the party appealing from that responsibility; but nevertheless we think that the appellant should exercise some caution and supervision to see that the statement furnished by the stenographer upon his demand is one made up in accordance with the law and the rules. We confess we have had some difficulty in determin-

ing whether we should sustain appellee's motion. The statement of facts in this case is not made up in strict accordance with the rules, and to strike it from the record would operate harshly upon the appellant, who, under the law, was relieved of the duty of preparing the statement when that duty was imposed upon the stenographer. But the party demanding a statement of facts is not bound to accept from the stenographer a statement not prepared in accordance with the rules; and should the statement tendered by him be not properly prepared, and should he fail to correct the same at the request of the party demanding it, unquestionably the trial judge, upon the matter being called to his attention, would require the stenographer to prepare and tender a proper statement. We can not say, we think, that the stenographer's report so flagrantly violates the statute and rules as to deprive us of discretion in the matter and require us to strike the statement of facts from the record. We think, however, that the appellee should not be burdened with the cost of so much of the statement of facts as was unnecessary to be incorporated in the stenographer's report. We have concluded that the appellant should be taxed with one-half the cost of the statement of facts and it has been so ordered. The motion to strike out is overruled.

By their first assignment of error appellants complain of the action of the court in instructing a verdict in favor of Marie Elizabeth Gleises and others, and McFaddin. Their eleventh assignment is based on the refusal of the court to instruct a verdict in favor of the American Oil & Refining Company and J. D. Martin, receiver, based upon proof of prior possession by them and those under whom they claim, and of failure of Gleises and others and McFaddin to show title in themselves or in either of them.

We are of the opinion that the court did not err in instructing the verdict complained of provided the evidence did not require the submission of the issue of limitation, as pleaded by plaintiffs. A. P. Cunningham, in 1841, conveyed the entire Cunningham survey to Hyde & Gleises, a commercial partnership composed of Joshua B. Hyde and Paul J. Gleises, then doing business in the State of Louisiana. This firm is, or the members thereof are, the common source of title. The interveners, Marie E. Gleises et al. are the heirs of Paul J. Gleises, and as such, held the title acquired by Paul J. Gleises by said conveyance, unless he was divested of title by the conveyance made by the assignee in bankruptcy hereinafter referred to.

In 1842 the firm of Hyde & Gleises and Paul J. Gleises, a member of said firm, individually, went into voluntary bankruptcy at New Orleans, and Richard Brennan was appointed assignee. Under order of the District Court of the United States for the Eastern District of Louisiana, at New Orleans, Brennan, as such assignee on January 20, 1843, conveyed said Cunningham survey to Theophilus R. Hyde, which sale was confirmed. Appellants, by mesne conveyances have acquired whatever title passed by the conveyance from the assignee to Theophilus R. Hyde. One of the deeds under which appellants claim was filed for record in Jefferson County, Texas, June 28, 1882.

By the foregoing it will be seen that at the time of the conveyance

made by the assignee in bankruptcy the land was situated in Texas, then a republic, and that the bankruptcy proceedings were had and the sale made in the State of Louisiana. That real estate so situated did not pass to the assignee is now too well settled to require discussion. If it did not pass in this instance, then the fee remained in Paul J. Gleises, and upon his death, vested in his heirs; and the assignee's deed, attempting to convey the same to Theophilus R. Hyde, was a mere nullity. This being true, the title was in the interveners, Marie Elizabeth Gleises et al., at the time of the trial, unless divested by limitation. Barnett v. Pool, 23 Texas, 518; Oakey v. Bennett, 11 How., 33; Hyde v. McFaddin, 140 Fed., 442.

As the interveners, Gleises, thus showed title in themselves, it was not error to refuse to give the special charge requested by appellants on the issue of prior possession. The assignments are overruled.

By their fifth assignment of error appellants complain that as the evidence was sufficient to raise the issue of title under the statute of limitation of five years, the court erred in instructing a verdict for appellees and thus taking said issue from the jury. The claim of the land under duly registered deeds and the payment of the taxes due thereon, and occupancy of the land as a pasture for cattle for a period of more than five years by appellants and those under whom they claim, was established by the undisputed proof. The only question left to be determined is whether the testimony was sufficient to establish that appellants' enclosure, which was made partially of fences and partially of natural barriers, such as bayous, rivers and marshes, was an effective and substantial enclosure in keeping cattle in and out, and that such barriers, natural and artificial, were so related to one another as to denote to an ordinary observer that they were relied on for making an enclosure. It is not necessary to set out the testimony bearing on this point in detail, but it is sufficient to say that from a careful investigation of the record we think the testimony adduced was sufficient in this regard to raise the issue of five years' limitation, and that the court erred in taking away that issue from the jury by instructing them to return a verdict for appellees. It follows from what we have said that the court erred in not giving appellants' special charge No. 1, which submitted to the jury the issue of five years' limitation; and the second assignment raising the point is sustained.

The plaintiffs and intervening plaintiffs having pleaded the statute of limitation of ten years, and there being evidence to raise the issue that those under whom they deraign title had peaceable and adverse possession of the land in controversy and had used and enjoyed the same, and claimed under a deed duly registered defining the boundaries of the land in suit, for a period of ten years continuously between the years 1884 and 1895, the court erred in instructing a verdict against the plaintiffs and intervening plaintiffs and thereby taking from the jury the issues of fact tending to establish title under the ten years statute of limitation.

We have examined the other assignments of error urged by appellants and, with the exceptions above noted, we find the record to be free from reversible errors.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*